UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT RUSSEL TRAINOR,<br><br>                              Petitioner,<br><br>       v.<br><br>JEFFERY A. UTTECHT,<br><br>                              Respondent. | NO:  4:15-CV-5085-TOR<br><br>ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING |

BEFORE THE COURT is Petitioner's Motion for Equitable Tolling and Memorandum of Points and Authorities (ECF No. 3).  This matter was heard on November 30, 2015, in Spokane, Washington.  John Gregory Lockwood appeared on behalf of Petitioner.  Mandy L. Rose appeared on behalf of Respondent.  This Court has reviewed the briefing, files, and record therein; heard from counsel; and is fully informed.

///

///

ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING ~ 1

**BACKGROUND**

Petitioner Robert Trainor is a state prisoner serving a 280-month sentence. Mr. Trainor challenged his conviction with the state appellate and supreme courts, and, on September 1, 2015—nearly seven months after the statutory filing deadline had passed—filed a petition for writ of habeas corpus with this Court.  To avoid the time bar, he moves the Court to invoke the doctrine of equitable tolling.  In support, Trainor contends that his lawyer's misconduct provides the basis for such equitable relief.

**FACTS**

In August 2010, a jury found Petitioner guilty on five counts of child rape and molestation, and Petitioner was sentenced to 280-months imprisonment.  ECF No. 1 at 1.  Petitioner filed a direct appeal with the Court of Appeals of the State of Washington, challenging his judgment of conviction on seventeen grounds.  *Id.* at 2.  The appellate court affirmed Mr. Trainor's conviction, and he subsequently filed for leave to appeal to the Washington Supreme Court.  *Id.*  On October 2, 2013, the Washington Supreme Court denied Petitioner leave to appeal.  *Id.* at 2-3; *see* ECF No. 11-1.

On or about December 30, 2013, Petitioner purportedly retained the legal services of the Law Office of J. Gregory Lockwood, PLLC, to help file a habeas petition in federal court.  ECF No. 3 at 6.  On November 18, 2014, an associate

1    attorney with LibertyBell Law Group, a California firm, sent Mr. Lockwood via

2    email a draft petition for habeas relief for Mr. Trainor.  ECF Nos. 4 at 2; 14 at 1.

3    At the time, Mr. Lockwood was on vacation but returned to the office on

4    December 1, 2014, finding a large volume of emails.  ECF No. 4 at 2.  Mr.

5    Lockwood failed to notice the draft petition and also failed to follow up with the

6    associate.  *Id.*  The LibertyBell associate similarly failed to follow up with Mr.

7    Lockwood; Ms. Tennen explained that it was LibertyBell's understanding that Mr.

8    Lockwood would follow up with the firm after the court had issued a decision, as

9    had been the practice between the two firms over the years.  ECF No. 14 at 2.  As a

10   result, Mr. Lockwood failed to timely file Mr. Trainor's petition by December 31,

11   2014—the one-year filing deadline under 28 U.S.C. § 2254.[1]  *Id.*

12        Mr. Lockwood allegedly first discovered the failure to file the habeas

13   petition on August 27, 2015, although it is unclear how the omission came to his

14   attention on this date.  ECF No. 3 at 1.  LibertyBell asserts it had no reason to

15   believe the petition had not been filed, based on their past routine with Mr.

16   Lockwood.  ECF No. 14 at 3.  On September 1, 2015, shortly after the discovery,

17   Mr. Lockwood filed Mr. Trainor's petition for habeas relief with this Court.  ECF

18   No. 1.

19

20   [1] The parties incorrectly state the filing deadline was in early January 2015.

ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING ~ 3

In the instant motion, filed September 2, 2015, Petitioner requests that this Court equitably toll the one-year statute of limitations from the original filing deadline to August 27, 2015, the date of realization of error.  ECF No. 3. Petitioner further requests the new filing deadline be August 27, 2016, one year from the date of realization of error.  *Id.*  Petitioner's motion is supported by the declarations of Mr. Lockwood and Ms. Tennen.  ECF Nos. 4, 14.  Respondent opposes Petitioner's motion and the relief sought therein.  ECF No. 11.[2]

## DISCUSSION

Generally, a petitioner seeking habeas relief in federal court must file his petition within one year of "the date on which the judgment became final by the

---

[2] In his response briefing, Respondent asserts that it is inappropriate for Mr. Lockwood and the unnamed associate to simultaneously represent Mr. Trainor in this matter and serve as witnesses at the evidentiary hearing, citing the advocate-witness rule.  ECF No. 11 at 7-8.  However, the policy underlying this rule is to ensure jurors do not give undue weight to the reliability and credibility of attorney testimony and thus ignore or discount any contrary testimony or evidence, *see United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985); this policy has no application to this Court's equitable tolling determination or the hearing concerning the same.

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  For purposes of habeas review, a judgment becomes final when the period for filing a petition for certiorari in the U.S. Supreme Court expires.  *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Thus, because petitions for certiorari must be filed in the U.S. Supreme Court within 90 days after the state supreme court issues its opinion or denies review, the one-year limitations period begins to run on the date the ninety-day period expires.  *McMonagale v. Meyer*, 802 F.3d 1093, 1097 (9th Cir. 2015) (en banc) (citing *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999)).

If the petitioner fails to file a federal habeas petition before the statute of limitations expires, he is barred from proceeding on his claim unless the doctrine of equitable tolling applies.  *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).  To be eligible for equitable tolling, the petitioner bears the burden of showing that "(1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights."  *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015).  "Equitable tolling is available 'only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of the prisoner's untimeliness."  *United States v. Gilbert*, No. 13-36006, slip. op. at 10 (9th Cir. Dec. 7, 2015).  The burden

ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING ~ 5

to demonstrate the application of equitable tolling is "a very high bar[] and is reserved for rare cases." *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014).

Attorney misconduct[3] may constitute the requisite "extraordinary circumstances" for equitable tolling in some circumstances. *Gibbs v. Legrand*, 767 F.3d 879, 885-86 (9th Cir. 2014). "Garden variety" claims of excusable neglect— such as miscalculating a filing deadline—"are deemed too routine and unremarkable to warrant equity's intervention." *Luna*, 784 F.3d at 646. On the other hand, "acts or omissions that transcend garden variety negligence and enter the realm of 'professional misconduct' may give rise to extraordinary circumstances if the misconduct is sufficiently egregious." *Id.* (holding that affirmatively misleading a petitioner to believe that a timely petition has been or will soon be filed may constitute egregious professional misconduct).

---

[3] In the Ninth Circuit, "attorney misconduct of all stripes may serve as a basis for equitable tolling." *Luna*, 784 F.3d at 649 (noting that it is "decidedly unclear" whether the Supreme Court's opinion in *Maples v. Thomas* abrogated its prior opinion in *Holland v. Florida* as to whether attorney misconduct falling short of abandonment may qualify as an extraordinary circumstance for equitable tolling purposes).

The court's inquiry does not stop at a finding of extraordinary circumstances: a petitioner must demonstrate that he has been diligent in pursuing his petition.  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal citation omitted); *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011) ("The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief.  It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances.").  "The purpose of requiring a habeas petitioner to show diligence is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own doing, which caused the failure to timely file."  *Doe*, 661 F.3d at 1012-13.  In making its diligence determination, the court may consider, *inter alia*, "whether the petitioner expeditiously secured counsel to file the habeas petition;" "the frequency and nature of the attorney-client communications;" "when, in light of the petitioner's education and background, he reasonably should have sought new counsel;" and "whether the petitioner had the means to consult alternate counsel."  *Id.* at 1013.

Here, it is undisputed that Petitioner missed the statutory filing deadline by almost seven months. The Washington Supreme Court issued its order denying review on October 2, 2013.  ECF No. 11-1.  Thus, the one-year statute of

limitations period under 28 U.S.C. § 2244(d)(1)(A) began to run on December 31, 2013, ninety days after the state supreme court's order became final. *See McMonagale*, 802 F.3d at 1097. As December 31 is not a recognized federal holiday and this Court was accessible on December 31, 2014, *see* Fed. R. Civ. P. 6, Mr. Trainor's petition was due on this date.

This Court finds Mr. Trainor's failure to file his petition before the statute of limitations expired is not excused by the doctrine of equitable tolling based on the facts presented.

First, the conduct of Mr. Trainor's attorneys in failing to timely file a habeas petition does not constitute "extraordinary circumstances" but is more appropriately characterized as run-of-the-mill negligence. *Cf. Luna*, 784 F.3d 640 (holding that extraordinary circumstances existed where counsel dismissed petitioner's timely filed pro se petition, missed the one-year deadline for filing a new one, and mislead petitioner for another six-plus years that his petition was moving forward even though nothing had been filed); *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (holding that petitioner was entitled to equitable tolling when his attorney failed to file a petition despite repeated requests by petitioner and refused to return petitioner's legal files until two months after the limitations period expired). From the filings, all that can be discerned is that Mr. Trainor's petition was untimely filed because his attorney, Mr. Lockwood, failed to

1    adequately check his email or follow up with the associate attorney at LibertyBell

2    and was at least temporarily oblivious to the limitations deadline.  The LibertyBell

3    associate never verified that Mr. Lockwood received the email with the draft

4    petition or subsequently confirmed that Mr. Lockwood timely filed the petition.

5    This unawareness by both firms continued for almost seven months.  Such

6    negligent conduct does not constitute extraordinary circumstances for purposes of

7    equitable tolling.  *See Holland*, 560 U.S. at 652 (noting that an attorney's failure to

8    file a petition on time and unawareness of the limitations deadline "might suggest

9    simple negligence").

10           Second, even if there were extraordinary circumstances explaining the

11   failure to timely file a petition, Mr. Trainor has not demonstrated reasonable

12   diligence.  Although Mr. Trainor allegedly secured counsel to file the habeas

13   petition more than one year before the filing deadline—this Court notes that Mr.

14   Trainor has not filed an affidavit testifying to this fact and that Mr. Lockwood's

15   and Ms. Tennen's declarations fail to testify to this fact, as well as several of the

16   other facts asserted, *see* ECF No. 4—there is no other competent, admissible

17   evidence demonstrating reasonable diligence on the part of Mr. Trainor, such as

18   communications with his attorney or attempts to secure new counsel.  *Cf. Doe*, 661

19   F.3d 1001 (finding petitioner had exercised adequate diligence when he repeatedly

20   contacted his attorney to remind him of the deadline, filed a disciplinary complaint

ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING ~ 9

1    against counsel with the state bar, continued to plead with counsel to file a petition

2    after the deadline had passed, requested that counsel return his files, and filed a

3    petition ten days after receiving his files).  The single hearsay paragraph within

4    Ms. Tennen's declaration asserting that a paralegal with LibertyBell yielded calls

5    from Mr. Trainor and assured him the firm was waiting on a decision by the Court

6    is insufficient.  *See* ECF No. 14 at 2.  The exhibit purporting to reflect

7    LibertyBell's internal call logs similarly does not provide adequate support as the

8    substance of Mr. Trainor's calls is not testified to by either of the two people with

9    personal knowledge of these calls.  *See* ECF No. 14-1.

10       At the November 30 hearing, this Court, highlighting the fact that Mr.

11   Trainor had not filed any affidavit attesting to his diligence in support of his

12   motion, gave Petitioner leave to file supplemental documents and cure this

13   deficiency.  *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en

14   banc) (per curiam).  Petitioner again failed to file an affidavit; rather, only the

15   declaration of Ms. Tennen—who does not appear to have personal knowledge of

16   many of the relevant facts—was filed.  Without such competent evidence of Mr.

17   Trainor's diligence, this Court is unable to find that it was attorney misconduct—as

18   opposed to some act or failure to act by Mr. Trainor—that led to the missed

19   deadline here.  *See Gilbert*, No. 13-36006, slip. op. at 10.

20

ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING ~ 10

1    Accordingly, finding neither extraordinary circumstances nor reasonable

2 diligence to equitably toll the statute of limitations, *see Luna*, 784 F.3d at 646, this

3 Court declines to apply such a rare remedy.

4 **IT IS ORDERED**:

5    1.    Petitioner's Motion for Equitable Tolling and Memorandum of Points

6 and Authorities (ECF No. 3) is **DENIED**.

7    2.    Petitioner's Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** as

8 time-barred.

9    The District Court Executive is directed to enter this Order and Judgment

10 accordingly, provide copies to counsel, and **CLOSE** the file.

11    **DATED** December 18, 2015.



          THOMAS O. RICE
          United States District Judge