UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT RUSSEL TRAINOR,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>JEFFREY A. UTTECHT,<br><br>　　　　　　　　　　Respondent. | NO: 4:15-CV-5085-TOR<br><br>ORDER DENYING RECONSIDERATION |

BEFORE THE COURT is Petitioner's Motion for Reconsideration (ECF No. 22). This matter was submitted for consideration without oral argument. The Court—having reviewed the briefing, the record, and files therein—is fully informed.

## BACKGROUND

In early September 2015, Mr. Trainor filed a petition for habeas corpus and, recognizing that the statutory deadline had passed by eight months, also filed a motion for equitable tolling. ECF Nos. 1; 3. Mr. Trainor's motion for equitable

ORDER DENYING RECONSIDERATION ~ 1

tolling was supported by a sole declaration from his attorney, Mr. Lockwood, explaining the untimely filing. ECF No. 4.

This Court held a hearing on Mr. Trainor's motion on November 30, 2015. ECF No. 12. At the hearing, the Court noted that, based on the evidence presented, it would not find that equitable tolling was warranted. As to the first prong of the equitable tolling test, this Court noted that Mr. Lockwood's conduct in failing to timely file a petition does not constitute an extraordinary circumstance but is more appropriately characterized as mere negligence. As to the second prong of the equitable tolling test, the Court noted that there was no evidence to support a finding of due diligence on the part of the Petitioner. Specifically, the Court highlighted that Mr. Trainor had not filed any affidavit attesting to his diligence. After explaining the deficiencies, the Court granted counsel leave to file supplemental material in support of his motion.

On December 14, 2015, Mr. Trainor submitted one declaration from Ms. Gina Tennen of the LibertyBell Law Group in support of his motion for equitable tolling. ECF No. 14. In an effort to demonstrate Mr. Trainor's diligence, Ms. Tennen testified to Mr. Trainor's conversations with a paralegal in Ms. Tennen's firm and submitted a list of phone calls purportedly made by Mr. Trainor to the firm. ECF No. 14-1.

ORDER DENYING RECONSIDERATION ~ 2

On December 18, 2015, the Court denied Petitioner's motion for equitable tolling, concluding that Mr. Trainor's attorneys' conduct was not sufficiently egregious as to constitute an extraordinary circumstance and that Mr. Trainor had not demonstrated reasonable diligence. ECF No. 16.

In the instant motion, Petitioner moves this Court to reconsider its ruling based on a newly-submitted declaration of Mr. Trainor. ECF No. 22. Respondent opposes Petitioner's motion, asserting that Mr. Trainor has still failed to show he is entitled to equitable tolling namely because he has not shown some extraordinary circumstance prevented him from timely filing his petition. ECF No. 24

**DISCUSSION**

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263. These standards apply in habeas corpus proceedings under 28 U.S.C. § 2254 to the

extent they are not inconsistent with applicable federal statutory provisions and rules. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

As a threshold issue, Mr. Trainor has failed to explain why the Court should consider his declaration, submitted for the first time in support of his motion for reconsideration. While the Court may reconsider its final judgment upon the introduction of newly discovered evidence, the party must demonstrate that this evidence, with reasonable diligence, could not have been timely discovered. Fed. R. Civ. P. 60(b)(2); *See School Dist. No. IJ*, 5 F.3d at 1263 ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

Mr. Trainor offers no explanation as to why he was unable to submit his affidavit at an earlier time. Mr. Trainor filed his motion for equitable tolling on September 2, 2015. ECF No. 3. Almost three months later, on November 30, 2015, this Court held a hearing on Petitioner's motion. *See* ECF No. 12. The Court explained the deficiencies in Mr. Trainor's motion, which deficiencies were also raised by Respondent in his response briefing, and specifically highlighted the fact that Mr. Trainor had not filed any affidavit attesting to his diligence in support of his motion. This Court allowed Petitioner two weeks to file supplemental documents in support of his motion. ECF No. 13. On December 14, 2015, Mr.

ORDER DENYING RECONSIDERATION ~ 4

Trainor filed the affidavit of Ms. Tennen alone. ECF No. 14. After the Court entered an order denying Petitioner's motion, again explaining why the evidence was insufficient to warrant equitable tolling, Mr. Trainor moved for reconsideration and filed his own affidavit in support. While this Court recognizes the unavoidable constraints custody may present, Mr. Trainor has not explained why the time afforded was insufficient to allow him to present all available evidence in support of his motion for equitable tolling.

Even assuming this Court should consider Mr. Trainor's newly-submitted declaration as evidence of Mr. Trainor's diligence, this Court finds reconsideration is not warranted because Petitioner has failed to demonstrate that some extraordinary circumstance beyond his control made it impossible to file a timely petition.

As this Court noted in its previous order, the conduct of Mr. Trainor's attorneys in failing to timely file a habeas petition is more appropriately characterized as run-of-the-mill negligence. Based on the previously-submitted evidence, this Court found that (1) Mr. Lockwood failed to adequately check his email or follow up with the associate attorney at LibertyBell and was at least temporarily oblivious to the limitations deadline, (2) the LibertyBell associate never verified that Mr. Lockwood received the email with the draft petition or

1  confirmed that the petition had been filed, and (3) this obliviousness on the part of
2  both firms continued for [about eight] months. ECF No. 16 at 8-9.
3        Mr. Trainor's filings in support of the instant motion for reconsideration do
4  nothing to alter this finding. Indeed, his reply briefing merely asserts that Mr.
5  Lockwood's conduct in failing to properly check his email and timely file the
6  petition for habeas relief constitutes an extraordinary circumstance justifying
7  equitable tolling. And although Mr. Trainor's declaration asserts that he believed
8  his case was proceeding and was advised by LibertyBell that this Court had not yet
9  rendered a decision, the evidence falls short of warranting a finding of egregious
10 professional misconduct. *See Luna v. Kernan*, 784 F.3d 640, 646-47 (9th Cir.
11 2015) (holding that attorney's conduct constituted egregious professional
12 misconduct where the attorney dismissed the petitioner's timely *pro se* petition,
13 failed to file another petition within the 1-year deadline, and led the petition to
14 believe for another six-plus years that litigation was moving forward).
15 Accordingly, this Court declines to reconsider its previous order and find that Mr.
16 Trainor is entitled to such a rare equitable remedy, unavailable in most cases.
17 ///
18 ///
19 ///
20 ///

**ACCORDINGLY, IT IS ORDERED:**

Petitioner's Motion for Reconsideration (ECF No. 22) is **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to counsel. The file shall remain closed.

**DATED** February 18, 2016.

THOMAS O. RICE
Chief United States District Judge

ORDER DENYING RECONSIDERATION ~ 7